IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GEORGE SCHATZ                                                                                       PLAINTIFF

v.                                              CIVIL NO. 15-5111

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                      DEFENDANT

### MEMORANDUM OPINION

Plaintiff, George Schatz, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on July 27, 2012, alleging an inability to work since February 10, 2011, due to chronic obstructive pulmonary disease, lower back pain, a sleeping disorder, and leg pain.[1]  (Doc. 11, pp. 59, 165, 170).  An administrative video hearing was held on August 12, 2013, at which Plaintiff appeared with counsel and testified (Doc. 11, pp. 34-56).

---

[1] The ALJ declined to reopen a prior application.  (Doc. 11, p. 14).

1

By written decision dated September 11, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 11, p. 17). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Doc. 11, p. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can only occasionally climb, balance, stoop, kneel, crouch, crawl, and reach overhead.

(Doc. 11, p. 18). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a truck unloader. (Doc. 11, p. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional medical evidence submitted by Plaintiff, denied that request on March 17, 2015. (Doc. 11, p. 4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet

3

or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. §§ 404.1520, 416.920.

### III.   Discussion:

Plaintiff argues the following issues on appeal: 1) the ALJ erred in rejecting Plaintiff's subjective complaint that he is unable to work a job that requires standing six hours per day; 2) the ALJ erred in giving greater weight to the opinion of non-examining medical consultants over that of a consultative examiner; and 3) the ALJ erred in finding Plaintiff can perform a full range of light work.[2]

#### A.   Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:  (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an

---

[2] The Court has reordered Plaintiff's arguments to correspond with the five-step analysis utilized by the Commissioner.  The Court will also combine the second and third issue raised.

4

ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record reveals Plaintiff reported that he was unable to do household chores and cook, and did not shop in a Function Report completed on September 4, 2012. (Doc. 22, pp. 229-233). However, medical records reveal that Plaintiff was able to ambulate independently and perform all activities of daily living without assistance in July of 2011, and June of 2012. (Doc. 11, pp. 289, 299). When Plaintiff sought treatment for facial swelling in July of 2011, Plaintiff reported that he had been hit in the face with a dolly at work. (Doc. 11, p. 299).

With respect to Plaintiff's alleged disabling cervical and lumbar spine impairments, the medical records reveal that in July of 2011, an examination of Plaintiff reveals no cervical spasm or tenderness, full range of motion of the cervical spine with no pain, no spine tenderness, and normal joint range of motion. (Doc. 11, p. 295). The medical records further reveal that on January 25, 2012, Plaintiff was noted to have a normal gait, but two days later at the consultative examination Plaintiff was noted to have a mild stoop to his gait. (Doc. 11, p. 317, 265-270). In September of 2012, Plaintiff was noted to have a normal gait. (Doc. 11, p. 315).

The record further reveals that Plaintiff was taking only over-the-counter medication sporadically to treat his pain. The Court notes that while Plaintiff appears to allege an inability to seek treatment due to a lack of finances, the record is void of any indication that Plaintiff

5

had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### B. ALJ's RFC Determination and Weight of Medical Opinions:

Plaintiff argues the ALJ erred in failing to assign greater weight to the opinion of Dr. Shannon H. Brownfield, who performed a consultative general physical examination in January of 2012.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Gilliam's v. Barnhart, 3 93 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a

6

claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform light work with limitations during the time period in question. The Court notes that in determining Plaintiff's RFC, the ALJ discussed the medical opinions of examining and non-examining medical professionals, and set forth the reasons for the weight given to the opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted); Prosch v. Apfel, 201 F.3d 1010 at 1012 (the ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole).

With respect to the limitations set forth by Dr. Brownfield, the ALJ stated that he gave some weight to Dr. Brownfield's opinion. In doing so, the ALJ noted that after reviewing Plaintiff's medical records, including the evaluation and opinion by Dr. Brownfield, two separate non-examining medical consultants opined that Plaintiff could perform light work with limitations. The ALJ explained the basis for giving great weight to the non-examining medical consultants' opinions with respect to their exertional and postural limitations. After reviewing the entire record, the Court finds substantial evidence to support the ALJ's RFC determination for the time period in question.

7

### C. Hypothetical Question and Vocational Expert Testimony:

Although the Court believes there is substantial evidence to support the ALJ's decision relating to the above issues, and although Plaintiff failed to raise the following issue in his brief, the Court nevertheless finds that this matter should be remanded to the ALJ, because the Court believes there is an apparent conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert testimony. In his RFC, the ALJ limited Plaintiff to occasional overhead reaching. (Doc. 11. p. 18). The ALJ found Plaintiff could return to his past relevant work which requires frequent reaching. DOT §921.662-010. Consequently, there is a conflict between the DOT and the vocational expert's testimony. See Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014)(stating the ALJ failed to resolve an apparent conflict when a hypothetical limited a person to only occasional overhead reaching, and the VE identified jobs which the DOT said required frequent reaching).

When an apparent conflict between the DOT and vocational expert testimony exists, an ALJ has an affirmative responsibility to address the conflict. Young v. Apfel, 221 F.3d 1065, 1070 (8th Cir. 2000). If evidence from the vocational expert appears to conflict with the DOT, the ALJ must obtain "an explanation for any such conflict." Renfrow v. Astrue, 496 F.3d 918, 921 (8th Cir. 2007). An ALJ is not absolved of a duty to investigate any conflict simply because a vocational expert responded "yes" when asked if his testimony was consistent with the DOT. Kemp v. Colvin, 743 F.3d 630, 632-633 (8th Cir. 2014). Although in his decision, the ALJ stated that he determined the vocational expert's testimony was consistent with the information contained in the DOT (Doc. 11, p. 21), there is no indication that he was aware of the conflict or how he made such a determination. The Court therefore believes this failure to

8

resolve the conflict is reversible error. See e.g., Daniels v. Colvin, 2015 WL 224668 (W.D. Ark., Jan. 15, 2015). Based upon the foregoing, the Court concludes the ALJ did not resolve a conflict between the vocational expert's testimony and the DOT and therefore, the vocational expert's testimony did not constitute substantial evidence. On remand, the ALJ is instructed to identify and obtain a reasonable explanation for any conflict between the vocational expert's testimony and the DOT.[3]

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the Court finds the ALJ's decision regarding Plaintiff's ability to perform the jobs he identified is not supported by substantial evidence, and therefore, the matter should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. §405(g).

IT IS SO ORDERED this 6th day of September, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

---

[3] In Kemp v. Colvin, 743 F.3d 630, 633 n.3 (8th Cir. 2014), the Eighth Circuit noted that the necessary resolution of the identified issue may be accomplished by written interrogatories posed to the vocational expert, and thus another administrative hearing may not be required.